UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON R. BOHLINGER,

        Plaintiff,

v.                                      CAUSE NO. 3:21-CV-588-DRL-MGG

BOOTZ *et al.*,

        Defendants.

OPINION AND ORDER

Jason R. Bohlinger, a prisoner without a lawyer, is proceeding in this case "against Lieutenant Adrianne Gordon Ball and Officer Batsel (first name unknown) in their personal capacities on a claim for monetary damages for using excessive force against him on July 31, 2019," and "against Captain Bootz (first name unknown) in his personal capacity on a claim for monetary damages for denying him needed medical care and housing him under unsanitary conditions during a 16-day period in August 2019[.]" ECF 5 at 8-9. The defendants moved for summary judgment, arguing Mr. Bohlinger did not exhaust his administrative remedies before filing suit. ECF 19. Mr. Bohlinger filed a response, and the defendants filed a reply. ECF 23, 24. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81,

102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Following the defendants' use of force on July 31, 2019, Mr. Bohlinger was placed in Special Management Cell Detention (SMC) until August 15, 2019. ECF 19-1 at 7. On August 15, 2019, Mr. Bohlinger was moved to D-Cell house. *Id.* On August 28, 2019, Mr. Bohlinger filed a formal grievance complaining of the defendants' July 31 use of force and the unsanitary conditions of his cell between July 31 and August 15. ECF 19-4. On September 11, 2019, Mr. Bohlinger submitted a "Request for Interview" slip, explaining he had not been able to timely submit his August 28 grievance because he had been unable to submit a grievance while in SMC. ECF 19-5. On September 16, 2019, the grievance office received Mr. Bohlinger's August 28 grievance. ECF 19-6. On September 18, 2019, the grievance office rejected Mr. Bohlinger's August 28 grievance as untimely: "Being in SMC does not explain the delay in submitting this grievance so late." ECF 19-1 at 7; ECF 19-6.

The defendants argue Mr. Bohlinger did not exhaust his administrative remedies before filing this lawsuit because the grievance office properly rejected his August 28

3

grievance as untimely. ECF 20 at 9-11. In his response, Mr. Bohlinger concedes he did not exhaust his administrative remedies. ECF 23. Instead, he argues his administrative remedies were unavailable because he was unable to timely submit a grievance. *Id.* Specifically, Mr. Bohlinger argues he could not timely submit his August 28 grievance because he did not have access to grievance forms, writing utensils, or a caseworker while he was in SMC between June 31 and August 15. ECF 23-2. He attests he requested to speak with a caseworker while in SMC but was denied by unit officers. ECF 23-3 at 2.

In their reply, the defendants argue Mr. Bohlinger has not shown his administrative remedies were unavailable for several reasons. First, they argue Mr. Bohlinger did not comply with IDOC's process to request a time limit extension to submit a late grievance because he did not submit his "Request for Interview" form documenting the reason for his delay until after he submitted his August 28 grievance. ECF 24 at 3. The Offender Grievance Process allows for an offender to request a time limit extension to submit a late grievance if certain requirements are met. ECF 19-2 at 13. Specifically, the Grievance Process provides:

> XIV. <u>TIME LIMIT EXTENSIONS:</u>
>
> A. For an offender:
>
> An offender who does not follow the established time limits in this procedure may have his/her grievance or appeal denied for failure to comply to the time frames unless he or she is able to show good cause. If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review. The

4

>    Warden/designee shall approve or deny such offender delay requests.

*Id.* Here, it is unclear whether Mr. Bohlinger complied with IDOC's process to request a time limit extension to submit his August 28 grievance. Specifically, Mr. Bohlinger submitted his request for a time limit extension on September 11, which was after he submitted, but before the grievance office received, his August 28 grievance. *See* ECF 19-6. It is unclear whether this satisfied the requirements of the Offender Grievance Process. However, it is undisputed the grievance office addressed and rejected Mr. Bohlinger's request for a time limit extension when it rejected the August 28 grievance, stating "Being in SMC does not explain the delay in submitting this grievance so late." *Id.* Because the undisputed facts show the grievance office received, considered, and rejected Mr. Bohlinger's request for a time limit extension at the time it rejected his August 28 grievance, the defendants have not met their burden to show Mr. Bohlinger did not comply with IDOC's process to request a time limit extension.

Second, the defendants argue that, even if Mr. Bohlinger properly requested a time limit extension, his proffered reason for delay did not establish good cause because the Offender Grievance Process allowed him to request assistance from a caseworker to submit a grievance while in SMC. ECF 24 at 3-4. However, Mr. Bohlinger attests he requested assistance in submitting a grievance while in SMC and was denied by unit officers. ECF 23-3 at 4. The defendants offer no evidence disputing Mr. Bohlinger's attestation. Instead, they argue Mr. Bohlinger cannot survive summary judgment based on this attestation because it is conclusory, self-serving, speculative, and inadmissible.

ECF 24 at 3-4. But Mr. Bohlinger's attestation that he requested assistance in submitting a grievance and was denied by unit officers is within his personal knowledge and would be admissible evidence. Thus, the court accepts as undisputed that Mr. Bohlinger was unable to submit a grievance while he was in SMC between July 31 and August 15, which shows good cause for his delay in submitting his August 28 grievance.[1]

Third, the defendants argue Mr. Bohlinger did not appeal the rejection of his August 28 grievance. ECF 24 at 4-7. But the grievance process only provides a mechanism to appeal grievances that have been denied on the merits. ECF 19-2 at 11-12. There is no evidence the grievance process provided any mechanism for Mr. Bohlinger to appeal the rejection of his August 28 grievance.

Accordingly, the undisputed facts show Mr. Bohlinger was unable to timely submit a grievance and showed good cause for the delay in submitting his August 28 grievance. The grievance office thus made the grievance process unavailable to Mr. Bohlinger by improperly rejecting his August 28 grievance as untimely. *See Dole*, 438 F.3d at 809. Thus, the defendants have not met their burden to show Mr. Bohlinger did not exhaust his administrative remedies.

For these reasons, the defendants' motion for summary judgment (ECF 19) must be DENIED.

SO ORDERED.

July 13, 2022 *s/ Damon R. Leichty*
Judge, United States District Court

---

[1] Accepting as true that Mr. Bohlinger was unable to submit a grievance prior to August 15, Mr. Bohlinger then had ten business days—or until August 29, 2019—to timely submit his grievance.