UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON R. BOHLINGER,

        Plaintiff,

        v.                    CAUSE NO. 3:21-CV-588-MGG

BOOTZ, et al.,

        Defendants.

OPINION AND ORDER

Jason R. Bohlinger, a prisoner without counsel, filed a "Motion for Temporary Restraining Order and Preliminary Injunction." (ECF 37.) He argues that staff at Indiana State Prison are not giving him sufficient access to the law library to litigate this case. The court understands him to be requesting an order requiring prison staff to let him go to the law library whenever he deems it necessary. (ECF 37-4.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions, meaning "those requiring an affirmative act by the defendant," are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn,

---

[1] To the extent he is requesting a temporary restraining order, this would require him to satisfy an even more demanding standard. He must provide "specific facts in an affidavit or verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1).

extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

Mr. Bohlinger is proceeding on a claim against Defendants Gordon-Ball and Batsel stemming from an incident of alleged excessive force occurring in July 2019, and a claim against Defendant Bootz for allegedly denying him access to medical care following the July 2019 incident.[2] (ECF 5.) Defendants moved for summary judgment arguing that he did not properly exhaust his administrative remedies before filing suit, but the motion was resolved in favor of Mr. Bohlinger. (*See* ECF 25.)

Thereafter, in a scheduling order issued in July 2022, the court set a deadline of November 21, 2022, for initiating discovery and deadline of December 21, 2022, for completing discovery. (ECF 26.) Mr. Bohlinger did not initiate any discovery during the roughly five months allotted by the scheduling order.[3] After the deadline for initiating discovery expired, he moved for appointment of counsel. (ECF 33.) The court denied his request, finding that he was capable of litigating the case on his own at this stage. Nevertheless, in the interest of justice, the court granted him an extension of the scheduling deadlines to permit him more time to conduct discovery. (ECF 34.) Mr.

---

[2] Mr. Bohlinger asserts in his motion that Warden Ron Neal is a defendant, but the Warden was dismissed from the case in September 2021. (ECF 5.)

[3] The Local Rules of this District require that all discovery must be filed in a case where a litigant is proceeding without counsel. N.D. Ind. L.R. 26-2(a)(2)(A). There were no discovery requests by Mr. Bohlinger filed on the docket during this period.

Bohlinger propounded one discovery request before the deadline, which has now expired.

It appears he wants time to conduct more discovery, and it can also be discerned from the docket that he has not yet responded to discovery requests propounded on him by Defendants in November 2022. He argues that he has had difficulty meeting discovery deadlines in part because he has two other civil rights cases pending in this District. The fact that he brought two other lawsuits in addition to this one does not excuse him from complying with deadlines in this case. As the plaintiff, it is his obligation to diligently prosecute the case. He also claims he is only given two hours a week in the law library, which in his view was not enough to meet the court's discovery deadlines. He does not explain ---nor is it evident---why he needed to go to the law library to write out discovery requests or answer discovery requests served on him by Defendants. Discovery involves the sharing of factual information and evidence, not conducting legal research.

Additionally, his filings in this case---including the present one---reflect that he is being given reasonable access to legal materials needed to the litigate the case. His present filing is lengthy and detailed, consisting of a motion, a memorandum with extensive citations to case law, a declaration, a proposed order, and other attachments.[4] It is evident it took him some time to prepare and file this motion, whether in the law

---

[4] Mr. Bohlinger's other filings have been equally as polished and cogent. Among other things, he filed a detailed 12-page complaint, a status report, and a response to the summary judgment motion totaling 58 pages, including a 14-page legal memorandum containing citations to relevant case law.

library or elsewhere, and it is unclear why he did not use that time to meet the deadlines set by the court regarding discovery. Nevertheless, in the interest of justice, the court will grant him one final extension of the scheduling deadlines to give him additional time to conduct discovery. Given the age of the case and the amount of time has already been granted to conduct discovery, he should not expect any additional extensions.

Although the court will extend the scheduling deadlines, the court does not find a basis to grant him the extraordinary remedy of a preliminary injunction. As stated, this lawsuit pertains to an incident of excessive force occurring in 2019. Events occurring in late 2022 and early 2023 involving non-parties who allegedly denied his requests to go to the law library fall well outside the parameters of this lawsuit.[5] To the extent he believes his constitutional rights are being violated in connection with the quality of the law library or policies regulating inmates' access to it, such a claim belongs in a separate lawsuit. *See Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Additionally, the court must afford substantial deference to prison staff on matters that trigger safety and security concerns, including Mr. Bohlinger's movements within the facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline

---

[5] He attaches documentation showing that he made requests to go to the law library to non-parties Todd Kenton and Ms. Feidner (first name unknown). (ECF 37-3 at 6-7.)

and to maintain institutional security."). As outlined above, the docket reflects that Mr.

Bohlinger has been given reasonable access to legal materials while this case has been

pending, and the court trusts that this will continue. *See Lewis v. Casey*, 518 U.S. 343, 351

(1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). With the extension being granted in this

order, he should have more than ample time to complete discovery.

For these reasons, the deadline for initiating discovery is EXTENDED to

**February 21, 2023**, the deadline for completing discovery is EXTENDED to **March 24,**

**2023**, and the deadline for filing dispositive motions is EXTENDED to **April 28, 2023**.

Further extensions of these deadlines will not be granted to the plaintiff. Any other

relief requested in his motion (ECF 37) is DENIED.

SO ORDERED on January 19, 2023

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge